IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DOUGLASS PATTERSON,

    Plaintiff,

v.                                              Civil Action No. 5:07CV114
                                                               (STAMP)

J. FRANCIS,
UNITED STATES OF AMERICA,
K. WHITE, H. LAPPIN,
P. LAIRD, A. GONZALEZ,
E. MACE, M. PLASAY,
E. BORAM, M. DIB, J. NOLTE,
T. CONRAD, C. CUTTWRIGHT,
M. VELTRI and D. RICH,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Procedural History

The pro se[1] plaintiff, Douglass Patterson, commenced this civil action by filing a complaint pursuant to 42 U.S.C. § 1983, Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), the Federal Tort Claims Act ("FTCA"), and the Americans with Disabilities Act ("ADA"), in which he alleges that he has suffered nonspecific injury, and continues to suffer such nonspecific injury, due to the actions of the defendants.

The case was referred to United States Magistrate Judge John S. Kaull for initial review and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.01 et seq. and 28 U.S.C.

---

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

§§ 1915(e) and 1915A. The magistrate judge issued a report and recommendation recommending that the plaintiff's complaint be dismissed with prejudice, in part, and dismissed without prejudice, in part. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. The plaintiff filed objections. For the reasons set forth below, this Court affirms and adopts the magistrate judge's report and recommendation.

II. Facts

This Court believes that a full recitation of the facts in this case is unnecessary here. Accordingly, this Court relies on the detailed recitation of facts provided in section II of Magistrate Judge Kaull's report and recommendation. An abbreviated review of the relevant facts follows below.

In his complaint, the plaintiff alleges that Dr. Michael Plasay ("Plasay"), Chief Psychologist at the Gilmer Federal Correctional Institution ("FCI-Gilmer"), who the plaintiff saw to treat his pre-existing medical conditions of polymyositis and post traumatic stress disorder, took a letter that the plaintiff had written to outside legal counsel, and proceeded to "wipe his derriere" with, while telling the plaintiff that this is "what they are going to think of what you are writing about." Next, the plaintiff claims that although he reported to sick-call complaining

2

of dizziness, blurred vision, and headaches, after a previous fall while exiting the dining hall, Clinical Director, Dr. Mace, denied the plaintiff's request for an MRI and an arthroscopic evaluation of his right ankle. Rather, Dr. Mace suggested that the plaintiff's symptoms were a result of his polymyositis and prescribed a steroid nasal spray. Lastly, the plaintiff asserts that after he was hired for employment with Federal Prison Industries ("UNICOR"), the manager, defendant Conrad, informed the plaintiff that he could not work for UNICOR with his physical limitations. For these reasons, the plaintiff is seeking judgment in excess of $50,000.00 plus costs and interest, attorneys' fees if he is appointed one, and exemplary and punitive damages.

### III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the plaintiff has filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

## IV. Discussion

A. Title 42, United States Code, Section 1983

The magistrate judge recommended that the plaintiff's § 1983 claims be dismissed with prejudice because § 1983 only applies to state actors. Based upon a de novo review, this Court agrees.

Title 42, United States Code, Section 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and law, shall be liable . . .

Because § 1983 does not apply to the federal government and its employees, the statute has no application to this case. See Gomez v. Toledo, 446 U.S. 635, 640 (1980) ("[H]e must allege that the person who has deprived him of that right acted under color of state or territorial law."). The plaintiff's § 1983 claims, therefore, must be dismissed with prejudice. Instead, this Court will address the plaintiff's claims under the appropriate standards of review.

B. Federal Tort Claims Act

In his report and recommendation, the magistrate judge recommended that the plaintiff's tort claim be dismissed without prejudice for failure to state a claim.

The FTCA "permits the United States to be held liable in tort in the same respect as a private person would be liable under the

law of the place where the act occurred." Medina v. United States, 259 F.3d 220, 223 (4th Cir. 2001). Because the alleged medical malpractice upon which the plaintiff bases his claim occurred at FCI-Gilmer, West Virginia substantive law applies in this case. To prove a medical negligence claim in West Virginia, the plaintiff must establish that

> (a) the health care provider failed to exercise that degree of care, skill, and learning required or expected of a reasonable, prudent health care provider in the profession or class to which the health care provider belongs acting in the same or similar circumstances; and (b) such failure was a proximate cause of the injury or death.

W. Va. Code § 55-7B-3. Expert testimony is required if the medical negligence claim involves an assessment of whether the plaintiff was properly diagnosed and whether the health care provider was the proximate cause of the plaintiff's injuries. Banfi v. Am. Hosp. for Rehab., 529 S.E.2d 600, 605-06 (W. Va. 2000). Moreover, West Virginia Code § 55-7B-6 sets forth certain requirements that must be met before a health care provider may be sued.[2] Compliance with

---

[2]**§55-7B-6. Prerequisites for filing an action against a health care provider; procedures; sanctions.**

> (a) Notwithstanding any other provision of this code, no person may file a medical professional liability action against any health care provider without complying with the provisions of this section.

> (b) At least thirty days prior to the filing of a medical professional liability action against a health care provider, the claimant shall serve by certified mail, return receipt requested, a notice of claim on each health care provider the claimant will join in litigation. The notice of claim shall include a statement of the theory or theories of liability upon

5

the requirements of West Virginia Code § 55-7B-6 is mandatory prior to filing suit in federal court. Stanley v. United States, 321 F. Supp. 2d 805, 806-07 (N.D.W. Va. 2004).

In this case, the plaintiff has failed to assert what medical condition the defendants misdiagnosed, establish a standard of care for the diagnosis or treatment of such a condition, or produce the medical opinion of a qualified health care provider. Furthermore, the plaintiff has pleaded nothing in his complaint showing that he has met the necessary requirements of West Virginia Code § 55-7B-6. For these reasons, the plaintiff has not sustained his burden of proof, and his FTCA claim must be dismissed without prejudice for failure to state a claim.

---

> which a cause of action may be based, and a list of all health care providers and health care facilities to whom notices of claim are being sent, together with a screening certificate of merit. The screening certificate of merit shall be executed under oath by a health care provider qualified as an expert under the West Virginia rules of evidence and shall state with particularity; (1) The expert's familiarity with the applicable standard of care in issue; (2) the expert's qualifications; (3) the expert's opinion as to how the applicable standard of care was breached; and (4) the expert's opinion as to how the breach of the applicable standard of care resulted in injury or death. A separate screening certificate of merit must be provided for each health care provider against whom a claim is asserted. The person signing the screening certificate of merit shall have no financial interest in the underlying claim, but may participate as an expert witness in any judicial proceeding. Nothing in this subsection may be construed to limit the application of rule 15 of the rules of civil procedure.

W. Va. Code § 55-7B-6.

C.  Bivens Claims

Rule 8(a) of the Federal Rules of Civil Procedure states, in pertinent part, that "[a] pleading that states a claim for relief must contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief."[3]  "And, although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant." Migdal v. Rowe Price-Fleming Int'l, Inc., 248 F.3d 321, 326 (4th Cir. 2001) (citation and internal quotations omitted).  This is especially true in a Bivens action where liability is personal, and the plaintiff must specify the acts taken by each defendant which violate his constitutional rights.  Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001).

Supervisory defendants may be held liable in a Bivens action if the following is met: "(1) the supervisory defendants failed to provide an inmate with needed medical care; (2) that the supervisory defendants deliberately interfered with the prison doctors' performance; or (3) that the supervisory defendants tacitly authorized or were indifferent to the prison physicians'

---

[3]After Magistrate Judge Kaull issued his report and recommendation, the Federal Rules of Civil Procedure were amended. This memorandum opinion and order cites the 2007 amended version of Rule 8(a) of the Federal Rules of Civil Procedure.  Nevertheless, as noted by the advisory committee notes concerning the 2007 amendment, "[t]he language of Rule 8 has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules.  These changes are intended to be stylistic only."

7

constitutional violations." Miltier v. Beorn, 896 F.3d 848, 854 (4th Cir. 1990). The plaintiff must show that a supervisor's inaction amounted to deliberate indifference or tacit authorization of the offense practiced. Id. Supervisory liability is not established merely be showing that a subordinate was deliberately indifferent to a plaintiff's needs. Id. In medical care claims, supervisors can rely on the judgment of the medical staff to determine the course of treatment. Id.

1. Defendants Francis, White, Lappin, Laird, and Gonzalez

The magistrate judge, in his report and recommendation, recommended that defendants Francis, White, Lappin, Laird, and Gonzalez be dismissed with prejudice. This Court agrees after conducting a de novo review.

Foremost, the plaintiff has failed to allege any personal involvement on the part of these defendants in his complaint, and therefore, he cannot establish liability. See Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994). Moreover, as noted by the magistrate judge, the plaintiff names defendants Francis, White, Lappin, Laird, and Gonzalez in their official and supervisory capacities as the Warden, Regional Director, Chief Operating Officer of Prison Industries, and former Attorney General of the United States. Such suits are not allowed. Specifically, a suit against government agents acting in their official capacities is considered a suit against the United States, itself, and a remedy under Bivens is thus not available. See Kentucky v. Graham, 473 U.S. 159, 165

(1985) (internal quotations omitted) ("Official-capacity suits . . . generally present only another way of pleading an action against an entity of which an officer is an agent."). Supervisory liability, likewise, is not established in this case because the plaintiff has failed to show that these defendants tacitly authorized or were indifferent to an alleged violation of constitutional rights. <u>Miltier</u>, 896 F.2d at 854. Accordingly, the plaintiff's claims against defendants Francis, White, Lappin, Laird, and Gonzalez must be dismissed.

    2.   <u>Defendants Boram, Dib, Nolte, and Cuttwright</u>

As in the preceding section, the plaintiff fails to allege any personal involvement on the part of defendants Boram, Dib, Nolte, and Cuttwright in the complaint. Indeed, the plaintiff does mention, by name, defendant Boram when discussing administrative remedies. Particularly, the plaintiff states that defendant Boram told him that there was no documentation of the fall in his medical records and then scheduled the plaintiff's appointment with Dr. Mace. Beyond these statements, however, the plaintiff makes no allegations that defendant Boram failed to treat him, improperly treated him, or took any other actions that established a constitutional violation. Accordingly, the claims against defendants Boram, Dib, Nolte, and Cuttwright must be dismissed.

    3.   <u>Defendant Mace</u>

The plaintiff asserts that defendant Mace ("Dr. Mace") saw him for a follow-up examination after his fall outside of the dining

hall, and that despite the plaintiff reporting dizziness, blurred vision, and headaches, Dr. Mace suggested that his symptoms could be a result of his polymyositis, and denied the plaintiff's request for an MRI and an arthroscopic consult. In his report and recommendation, the magistrate judge recommended that the plaintiff's claim against defendant Mace be dismissed with prejudice for failure to show the violation of a constitutional right.

A plaintiff must show that the defendant acted with deliberate indifference to his serious medical needs in order to state a claim under the Eighth Amendment for ineffective medical assistance. Estelle v. Gamble, 429 U.S. 97, 104 (1976). A medical condition is serious in two circumstances. First, a serious medical condition exists when it has been diagnosed by a physician as mandating treatment, or the condition is so obvious that even a lay person would recognize the need for medical care. Gaudreault v. Municipality of Salem, Mass., 923 F.2d 203, 208 (1st Cir. 1990), cert. denied, 500 U.S. 956 (1991). Second, a medical condition is serious if a delay in treatment causes a lifelong handicap or permanent loss. Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988).

Moreover, to succeed on an Eighth Amendment "cruel and unusual punishment" claim, a prisoner must prove the following elements: (1) the deprivation of a basic human need was objectively

"sufficiently serious"; and (2) the prison official subjectively acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 298 (1991). This second subjective component is satisfied when the prison official acts with deliberate indifference. Id. at 303. In Miltier v. Beorn, 896 F.2d at 851, the court held that "[t]o establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness."

In this case, the plaintiff has not shown that Dr. Mace acted with the deliberate indifference necessary to make his actions constitutional violations. Dr. Mace did nothing more than explore the plaintiff's medical history of polymyositis in an attempt to determine the cause of plaintiff's symptoms. Furthermore, Dr. Mace is not obligated to perform all tests that the plaintiff requests. This claim, therefore, asserts nothing more than a difference of an opinion between the plaintiff and Dr. Mace, and does not rise to the level of a constitutional violation. Accordingly, the claim against Dr. Mace must be dismissed.

4. Defendant Plasay

The plaintiff asserts that Dr. Plasay took a letter that plaintiff had written to outside counsel, stood up, and "wiped his derriere" with it. This Court agrees with the magistrate judge that while inappropriate and unprofessional, this alleged conduct

11

does not violate the plaintiff's constitutional rights. Thus, the claim against defendant Plasay must be dismissed.

   5. Defendants Veltri and Rich

The magistrate judge recommended that the claims against defendants Veltri and Rich be dismissed for failure to state a claim. In his complaint, the plaintiff asserts that these defendants were members of his unit team that reviewed him for financial responsibility payments and suggested to the plaintiff that he apply to Prison Industries for employment. The plaintiff does not state that either of these defendants acted in an inappropriate way or violated his constitutional rights. The claims against defendants Veltri and Rich, therefore, are dismissed.

D. Americans with Disabilities Act

In his complaint, the plaintiff asserts that his rights were violated under the ADA because defendant Conrad fired the plaintiff from his employment with UNICOR after finding out that the plaintiff had physical limitations due to his medical condition. The magistrate judge recommended that this claim be dismissed with prejudice.

Courts have recognized that provisions of the ADA are applicable to prisoners confined in state correctional facilities. See Pa. Dep't of Corr. v. Yeskey, 524 U.S. 206 (1998) ("The plain text of Title II of the ADA unambiguously extends to state prison inmates."). Absent an explicit waiver of sovereign immunity,

however, the United States, including government agencies and their employees, Antol v. Perry, 82 F.3d 1291, 1296 (3d Cir. 1996), is generally immune from suit. United States v. Mitchell, 445 U.S. 535, 538 (1980). The ADA does not contain such a waiver of sovereign immunity. Crowder v. True, 845 F. Supp. 1250 (N.D. Ill. 1994); Fellove v. Heady, 2008 WL 4154844, at *3 (N.D.W. Va. 2008) (unpublished). Thus, because defendant Conrad is a federal employee, the plaintiff's claim against him pursuant to the ADA must be dismissed.

## V. Conclusion

Because, after a de novo review, this Court concludes that the magistrate judge's recommendation is proper and the plaintiff's objections to the report and recommendation lack merit, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. Accordingly, the plaintiff's claims under 42 U.S.C. § 1983 are DISMISSED WITH PREJUDICE; the plaintiff's tort claim is DISMISSED WITHOUT PREJUDICE; the plaintiff's claims against defendants Francis, White, Lappin, Laird, and Gonzales are DISMISSED WITH PREJUDICE; the plaintiff's claims against defendants Mace and Plasay are DISMISSED WITH PREJUDICE; the plaintiff's claims against defendants Boram, Dib, Nolte, Cuttwright, Veltri, and Rich are DISMISSED WITHOUT PREJUDICE; and the plaintiff's claim against defendant Conrad pursuant to the ADA is DISMISSED WITH PREJUDICE. It is further

ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: March 2, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE